Good afternoon, Your Honor. Good afternoon, Your Honor. As it may please the Court, I would like to start off by reserving two minutes of my time for rebuttal. This case comes down to a singular issue, and that is, did the BIA abuse its discretion in holding that constitutionally sufficient notice of her hearing was given to Ms. Urquia-Yanez? Based on the case law and the facts of the records, it is abundantly clear that it did. This Court has recognized that even removal proceedings must conform with the Fifth Amendment, which in this circuit has been determined that for due process to be effectuated, a non-citizen must be provided with a full and fair hearing that affords them the opportunity to present evidence and testimony in support of their case. Two key components of a full and fair hearing are notice and the ability for the non-citizen to understand the nature of their proceedings. Now, in this case, the record makes abundantly clear that Ms. Urquia-Yanez was never informed of her obligation under 8 U.S.C. 1229-A1F to keep the Immigration Court informed of any change in her address. They didn't do this when she was served with the notice. She was given a written form. I mean, she signed the NTA, and the NTA has language in it that says that you have to keep the Immigration Court updated as to the address. Am I wrong on that? No, Your Honor, you're not. However, I will point out that that direction or that information was presented to her in a way that she could not understand. It was presented to her in English. Is it your position that the Due Process Clause requires that we translate every form that we provide to aliens in their native language? Is that your position? Not every form, Your Honor. However, we're going to be, in this particular case, a failure to keep the court updated of her address would effectuate, would essentially effectuate, a waiver of her right to notice. What's your authority for the position that the Due Process Clause requires that we provide that warning in her native language? Right. So, in United States v. Reyes Bonilla 671 F3D 1036, this court found that a waiver of rights cannot be found to have been considered or intelligent where there is no evidence that it was first advised in the rights in a language that the non-citizen could understand. So, in this case particularly, if we're going to hold that she's going to waive her right to notice, which is a constitutional right under the Due Process Clause, then therefore she has to be able to understand that failure to keep the court appraisal for any change in her address would result in her waiving that notice. In fact, one of the cases cited in the government's brief in, excuse me. Case were you just citing, was that Urbina Oseo or is that a different one? That was a different one. Urbina Oseo also does follow the same line of reasoning though because in that case, in Urbina Oseo, this court also determined that because the respondent in that case or the non-citizen in that case was not advised of their obligation to keep the court informed of her change in address that she therefore did not receive the proper notice and could not comply with that requirement. Now, obviously in that case was in order to show cause and we understand that that's different, but the line of reasoning is still the same. It concerned whether or not constitutional or whether or not the notice that was provided was constitutionally compliant. As I was stating, the case cited in the government's brief Velasquez Escobar Beholder 768 F3D 1000, which does state that a notice can be waived or the right to notice can be waived by failing to apprise the court of any change in address, also highlights that where there is no where the respondent is not informed of their obligation to update the court of their address, there is no, they cannot receive proper notice. And so in this case, that's basically the same thing that happened. She had multiple interactions with ICE. She were with the government first when she was taken into custody, then when she was released on her own recognizance, and then when she presented herself for an ICE check-in, and at no point was she informed of her obligation to keep the court updated on any change in her address. It also bears to note that in the board's decision, it states that because the notice to appear has a section on the second page, which states that the obligation to keep the, or her obligation to keep the court updated and the consequences of failing to appear to a hearing were explained to her in Spanish. However, that would have been impossible to do because that section also states that she was informed of the date and time of her initial hearings, which could not have been done. Well, that could easily mean that they just said, you know, it says that it will be set and you'll get a subsequent notice that says that. So I don't view those as being directly contradictory. I understand the issue, but they can be reconciled in the way I just described. Right. But in this case, we have no reason to believe that they were, as there is nothing that actually shows or indicates that. I have a question. Yes, Your Honor. I have a question about the declaration that was submitted, because everything depends in terms of the factual support for the motion here on the declaration that was submitted. And it has, it's very odd. The declaration is in English and is signed by the petitioner. And then it has a page that says translator's declaration. And then says, I, Wendy Mariella Urquiza Yanez, attest to my competency to translate from Spanish to English. And I certify that Eugenio Lopez Ortiz declaration has been accurately read back to him in Spanish, word for word, and then appears to have your signature. What is this document? Correct, Your Honor. That would have been the declaration that was prepared and submitted in support of the motion to reopen. It does appear that there was a clerical error on that aspect in terms of the translator certification. What that should have said correctly is that that it had been read to Ms. Urquiza Yanez from English to Spanish, word for word. Okay, and is that your signature on this page? Because it appears to be. Correct, Your Honor. At that time, I was not the attorney handling this case. At that time, it was being handled by Ms. Camille Cook, who was another attorney at this firm. So were you the person who translated this then but didn't put your name on it, put this Eugenio Lopez Ortiz? I would have been the one that made that clerical error. Correct, Your Honor. Ultimately, to wrap in this case, as I stated, Your Honor, the obligation to keep the court informed of any change in her address was not explained to Ms. Urquiza Yanez in a language that she could not understand. And that failure to do that resulted in her essentially a waiver of her right to notice due to no fault of her own. And because she was not advised in a manner that she couldn't understand of her right and her obligation to maintain the court appraise of any change, the denial of that motion to reconsider and the subsequent denial by the Board of Immigration Appeals to grant the motion to reconsider is therefore an abuse of discretion. Okay, we'll give you time for rebuttal. Thank you. We'll hear from the government. May it please this court, my name is Andrew Oliveira on behalf of the respondent, the Attorney General. The notice to appear here fully complied with the statutory requirement to provide petitioner with notice that she was required to keep her address updated with both the Immigration Court and DHS. She admits that she did not do that. Accordingly, she was removed in absentia and now claims that she was not informed of her right. This court's case law, the statutory language is fully consistent that the notice to appear was complied with the statutory language and that there is no due process violation for providing it in English without translating it either written or orally. What's your response to his argument that Reyes Bonilla requires that it have been translated into Spanish? Well, Your Honor, this court has consistently held that there is no due process violation when the notice to appear is provided in English. We've cited Sanchez Martin, also Flores Chavez, which we didn't cite in our brief. We would note that the due process claim was not raised until the reply brief. But even then on the merits, this court has never held that the due process clause requires that the notice to appear be translated into any language other than English. But Reyes Bonilla says that, you know, if a waiver of constitutional rights is required, that the waiver can't be predicated on a communication in the language that the person didn't understand. Am I reading that correctly? And he says that that applies in these circumstances. It does not apply, Your Honor, because, again, the specific statutory requirement is that the notice be provided in English written on the notice to appear. That was done. And as this court has held, complying with the statutory requirement cannot be a due process violation. There is simply no case law that supports the idea that the notice to appear must be translated into English. There's just – there's simply no case law, Your Honor. Briefly, we'd just like to point out that Urbina is not relevant in this case, simply because it was in order to show cause, which this court held the concern there in Urbina was that the regulations were unclear. This court did not reverse on a due process claim. The regulatory concerns are no longer present because Congress amended the statutory provision and subsequently the regulations were themselves amended. If there are no further questions, we ask that this court deny the petition for review as the board did not abuse its discretion in upholding the denial of the motion to reconsider. Okay. Thank you. We'll hear rebuttal. Thank you, Your Honors. I would like to start off by saying that Urbina-Acejo, while not explicitly discussing constitute due process as a right – notice, I'm sorry, as a right to do – as a due process right, it does specifically state that to overcome the presumption of adequate notice when notice of a deportation hearing was sent by a constitutionally adequate method, Urbina must present substantial and probative evidence demonstrating that there was improper delivery or that non-delivery was not due to her failure to provide an address. And so at its heart, Urbina-Acejo did touch on whether or not constitutionally adequate notice was provided to her. Now, as an extension of that, the court reasoned that because Ms. Urbina-Acejo was not provided with that information that she was obliged to do that by law, therefore, there was that reasonable – it would be reasonable that she therefore would not appear at her hearing. And so that's why the motion to reopen should have been granted. Now, in this case, again, touching on constitutionality, the whole issue of notice is a constitutional issue at its heart. And so in hindering that, she was provided constructive notice where she – there was not – there's nothing on the record that shows that she was actually informed of her obligation to keep the court appraised of any change in her address. That in and of itself constitutes an abuse of discretion by the BIA. Thank you. Okay. Thank you to both parties for your arguments. The case is now submitted, and that concludes our arguments for the day. Hear ye, hear ye, all persons having had business with the Honorable United States Court of Appeals for the Ninth Circuit will now depart. For this court, for this session, now stands adjourned.
judges: NELSON, COLLINS, VANDYKE